UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LEE JACKSON,

    Plaintiff,

v.                              Case No. 8:10-cv-2377-T-TBM

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,

    Defendant.
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for a period of disability and for Supplemental Security Income payments. The Plaintiff urges that his case be reversed and remanded for full and adequate development because the ALJ erred in relying upon the flawed testimony of the vocational expert. For the reasons set out herein, the decision is affirmed.

A.

Plaintiff was forty-five years old at the time of his administrative hearing in June 2009. Plaintiff has an eighth-grade education. His past relevant work was as a dish washer, parking attendant, duct worker, and day laborer. Plaintiff applied for Supplemental Security Income payments in January 2007, alleging disability as of January 31, 2001, by reason of lower lumbar sprain, HIV positive, congestive heart failure, and problems with his left shoulder. The Plaintiff's application was denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on June 11, 2009.  Plaintiff, who was represented at the hearing, testified that he is unable to work due to problems with his neck, back, spine, and left shoulder.  Plaintiff also reported weakness in both legs and testified that he is HIV positive and has been diagnosed with paranoid schizophrenia.  His symptoms of his schizophrenia include nervousness and blurred vision.  He also sometimes will see visions of deceased people that he believes are ghosts.  If he takes his medication, he is able to fall asleep without the visions.  Without his medication, he has visions all night long.  The side effects of the medication include dry mouth.  Plaintiff testified that he could hold a job, but could not state for how long because of his back and neck problems.

Plaintiff testified he can lift approximately twenty pounds.  He can walk a couple blocks before needing a break.  He can stand or sit for fifteen to thirty minutes at a time before needing to change positions.  He is right-hand dominant.  Plaintiff was in prison from approximately 2000 to 2006.  Because of that, he has not been able to hold a job for very long as once they find out he has a criminal record, they let him go.  Plaintiff testified he had no problems getting along with his bosses or other employees.  At the conclusion of the hearing, the ALJ indicated he was going to get updated medical records regarding Plaintiff's back.  (R. 63-78).

At a supplemental hearing conducted August 24, 2009, the ALJ took testimony from William Harvey, a vocational expert (VE).  The VE testified on a hypothetical question assuming an individual of Plaintiff's age, education, and work history, who is HIV positive;

who has neck, back, and shoulder pain; a herniation at C4-C5, who is status post right arm fracture and has various mental diagnoses; who can lift twenty pounds occasionally, and ten pounds repeatedly; who cannot reach above his shoulders with his left arm, and who is limited to "one, two [inaudible] step simple work."[1]  Upon this hypothetical, the VE testified that such individual could perform Plaintiff's past work of parking lot attendant as he performed it. The VE further opined as to other jobs available in the national and local economy including mail room clerk, laundry sorter, and cafeteria attendant.  The VE described the mail room clerk as a two to four step job and a laundry sorter as a two to three step job.  A cafeteria attendant would be a three-step job.  If the individual had to be absent from work more than three times per month due to psychological impairments, there would be no available employment.  If the individual would be off task twenty-five percent of the time, that would similarly eliminate all work activity.  However, if the individual were limited to bending only fifty percent of the time, the jobs of laundry sorter, mail room clerk, and cafeteria attendant would still be available.  The VE testified that the mail room clerk does not require interaction with people, but the parking lot attendant and cafeteria attendant would.  The VE clarified that although the DOT indicates that a cafeteria attendant involves no interaction with others, it was his opinion that such job would require dealing with people sixty to seventy-five percent of the time.  (R. 39-45).

On October 9, 2009, the ALJ determined that while Plaintiff has severe impairments related to HIV syndrome, degenerative disc disease of the cervical spine and the lumbar spine,

---

[1] From a later statement by counsel, it is apparent that the question was understood to involve simple jobs involving one to four steps.  *See* (R. 44)

3

partial tear of the left shoulder, and depression, he nonetheless had the residual functional capacity to perform light exertional work,[2] with the exception that he should avoid reaching overhead with the left shoulder and is limited to performing only simple, routine, repetitive one-to-four step tasks. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform his past work as well as jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 26-36). The Appeals Council considered the reasons Plaintiff disagrees with the decision and denied Plaintiff's request for review.

B.

Consideration of the Plaintiff's claims is governed by certain principles. In order to be entitled to Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

---

[2]Light work is defined as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category may require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1567(b).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards

were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

Plaintiff raises a single claim on this appeal. Plaintiff contends that "the Commissioner erred by relying upon the inconsistent testimony of the vocational expert." (Doc. 25). He argues that there were inconsistencies between the VE's testimony and the information contained within the *Dictionary of Occupational Titles* (DOT) which were left unexplained. Citing SSR 00-4p, he urges that the ALJ was duty-bound to identify, evaluate, and explain any such inconsistencies before relying upon the VE's testimony. Since such analysis did not occur, a remand is required.

More particularly, Plaintiff now argues,[3] that under the DOT, the laundry sorter position cited by the VE is medium, not light, in exertional work; the DOT requires a mail room clerk to have a GED[4] Reasoning Level of 3; and both the parking lot attendant and cafeteria attendant positions have a GED Reasoning Level of 2. As for these jobs, Plaintiff

---

[3]Plaintiff raises this argument for the first time on this appeal. Although he was represented by counsel at the administrative hearing and counsel thoroughly questioned the VE, there was no inquiry into any apparent inconsistency. In this circuit, an argument not raised in an administrative hearing cannot be raised on appeal. *Alacare Home Health Svcs., Inc. v. Sullivan*, 891 F.2d 850, 855 n. 5 (11th Cir. 1990).

[4]"GENERAL EDUCATION DEVELOPMENT (GED) . . . embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained from experience in elementary school, high school, or college. However, it may be obtained from experience and self-study. The GED scale is composed of three divisions: Reasoning Development, mathematical Development, and Language Development." DICTIONARY OF OCCUPATIONAL TITLES, Appendix C, 1991 WL 688702 (4th ed. 1991).

6

urges the ALJ was required to provide some explanation as to why these positions fit within his assessed restriction for one-to-four step simple work.

The Commissioner responds that the ALJ properly determined that Plaintiff could perform his past work as a parking lot attendant as well as other work in the national economy based on the VE's testimony which the Commissioner further urges was not inconsistent with the DOT. He notes that the Plaintiff does not here challenge the functional limitations employed in the hypothetical to the VE, nor does he show that he was incapable of returning to this past work as a parking lot attendant. While SSR 00-4p requires an ALJ to resolve apparent conflicts between the VE's testimony and information contained in the DOT, here no such conflict or apparent conflict is demonstrated to exist. The Commissioner urges his view that the DOT definition of "reasoning level 2" is entirely consistent with the ALJ's finding that Plaintiff could perform simple, routine, repetitive tasks of 1-4 steps. Given that the Plaintiff fails to demonstrate any actual or apparent conflict, the argument that the ALJ failed to comply with SSR 00-4p and erred in relying on the VE's testimony lacks merit.

Plaintiff is correct that under SSR 00-4p, "[o]ccupational evidence by a VE generally should be consistent with the occupational information supplied by the DOT. Where there is an apparent unresolved conflict between VE [ ] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE [ ] evidence to support a determination or decision about whether a claimant is disabled." SSR 00-4p, 2000 WL 628049 (S.S.A.). In this circuit, such rulings or policy statements are entitled to deference by the court. *See Fair*, 37 F.3d 1469. However, the Commissioner is also correct that at step four of the evaluation process, the burden is on the claimant to establish disability.

7

Here, citing SSR 00-4p, the ALJ concluded that the VE's testimony was consistent with the information contained in the DOT. (R. 36). Here, since no apparent conflict was or is demonstrated and the record otherwise supports the ALJ's finding at step four, I find no cause for remand on this claim.

As the record reveals, the VE testified that Plaintiff could do his past work as a parking lot attendant as he described it, that is, "he was actually parking the cars." (R. 40). Plaintiff does not on this appeal challenge his capacity to do such work nor that the ALJ could rely upon Plaintiff's own reports about such work in making the vocational decision. Generally, a finding that a claimant can perform his past relevant work and is not disabled, is appropriate where the claimant retains residual functional capacity to perform the actual functional demands and job duties of a particular past job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-62, 1982 WL 31386, *3 (S.S.A.); SR 82-61, 1982 WL 31387, * 2 (S.S.A.). Where it is determined that a claimant can perform his past job as he performed it, the claimant's statements regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. SSR 82-63 at *3; *see also* SSR 82-61 at *2 (stating that a vocational report, completed by the claimant may be sufficient to furnish information about past work). Here, the decision was rendered consistent with these rules.

In describing this work in his administrative filings, Plaintiff wrote of the parking attendant position simply, "parking cars." (R. 171). The work involved four to eight hours standing or walking, lifting less than ten pounds and no supervision of others. (R. 172). The

self-report made no mention of the mental requirements of such work. On the other hand, Plaintiff made no claim that he was incapable of work based on his reasoning skills. In regard to that work, Plaintiff now claims that the ALJ's limitation for simple work involving one to four steps is inconsistent with a Level 2 Reasoning Development which the DOT defines as applying commonsense understanding to carry out detailed but uninvolved written or oral instructions and dealing with problems involving a few concrete variables in or from standardized situations. Alternatively, he urges that because the matter was unclear, some inquiry was necessary. In the circumstances of this case, I disagree.

First, Plaintiff raises this argument for the first time on this appeal. Although he was represented by the same firm at the administrative hearing and counsel was afforded the opportunity to thoroughly question the VE, counsel made no suggestion of or any inquiry into an apparent inconsistency between the VE's testimony and the DOT. In this circuit, an argument not raised in an administrative hearing cannot be raised on appeal. *See Alacare Home Health Svcs.*, 891 F.2d at 855 n. 5. Beyond that consideration, the record here clearly reflects that the VE understood and recognized his duty to identify and explain any conflicts between his opinion and the DOT, and in fact, he did so in the case of his opinion concerning the cafeteria attendant position. *See* (R. 43-44). I am unwilling to read this testimony and conclude therefrom that the VE believed his testimony about the parking attendant position or any other of the jobs he spoke of was inconsistent with the DOT. This is especially so where counsel proffers nothing by way of an authoritative vocational source to support the claim of inconsistency. And given that this testimony reflects no apparent inconsistency which was overlooked at the hearing, no additional inquiry was signaled. Ultimately, the ALJ

9

determined at step four of the evaluation process that Plaintiff could do the job of parking lot attendant as he performed it.  That conclusion is supported by VE testimony that I conclude was rendered in this case consistent with the applicable standards.  Thus, a remand is not merited.

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 28th day of February 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record